UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>     v.<br><br>PUGET SOUND ENERGY, INC. and PILCHUCK CONTRACTORS, INC.,<br><br>                    Defendants. | CASE NO. C18-987-MJP<br><br>ORDER DENYING MOTION FOR REMAND |

THIS MATTER comes before the Court on Plaintiff Ohio Security Insurance Company's Motion for Remand. (Dkt. No. 7.) Having reviewed the Motion, the Response (Dkt. No. 11), the Reply (Dkt. No. 19) and the related record, and having reviewed the parties Joint Response to its Order to Show Cause (Dkt. No. 26), the Court DENIES the Motion.

**Background**

This case arises out of a natural gas explosion that occurred in Seattle, Washington in March, 2016. (Dkt. No. 1, Ex. 1 at ¶ 1.1.) The explosion destroyed several properties in the

surrounding neighborhood, including a commercial building leased by the Gillies & Oil Family Cyclery, LLC ("G&O") and insured by Plaintiff Ohio Security Insurance Company ("Ohio Security"). (Id. at ¶¶ 3.1, 3.4.) On July 14, 2017, G&O filed suit against Defendants Puget Sound Energy ("PSE") and Pilchuck Contractors, Inc. ("Pilchuck") in King County Superior Court for damages resulting from the explosion. (Dkt. No. 2, Ex. 2 at 2-10.)

On May 2, 2018, G&O entered into a Settlement Agreement with PSE and Pilchuck. (See Dkt. No. 12.) The Settlement Agreement provided that G&O would recover only its uninsured damages (i.e., those for which it was not "compensated by insurance payments") and would not seek recovery of "amounts paid pursuant to insurance for which their insurance company (Ohio Security Insurance Company and/or any other affiliated companies, including Liberty Mutual Insurance) alleges a right of subrogation." (Id. at ¶ 1.) Through the Settlement Agreement, G&O "forever release[d]" PSE and Pilchuck "from all claims, rights, duties, causes of action, suits, demands, matters, and issues of every nature and description, known or unknown, including future claims, lawsuits, injuries, and expenses, that arise out of or relate in any way" to the lawsuit or the underlying explosion. (Id. at ¶ 5.) The Settlement Agreement provided that Ohio Security would be allowed to pursue its own claim for the insured losses:

> Ohio Security Insurance Company and/or any affiliated companies, including Liberty Mutual Insurance (collectively "Ohio Security") alleges it has subrogation claims with respect to payments made to Plaintiffs under applicable insurance policies. Ohio Security is not a party to the Lawsuit and its alleged subrogation claims are not part of the Lawsuit. Nothing in this Agreement or the dismissal of the Lawsuit is intended, or should be interpreted, to prejudice Ohio Security's alleged subrogation rights with respect to insurance payments made to Plaintiffs and PSE otherwise reserves all defenses to Ohio Security's claims.

(Id. at ¶ 6.)

On May 15, 2018, Ohio Security moved for a TRO to prevent dismissal of the case without its consent. (See Dkt. No. 2, Ex. 4 at 42-47.) Ohio Security argued that "G&O Cyclery

is the only real party in interest in this lawsuit," such that "if Ohio Security is forced to refile this lawsuit in order to only pursue its subrogation claim . . . it nevertheless is compelled to do so in the name of G&O Cyclery, not Ohio Security." (Id. at 45.)

On May 18, 2018, Ohio Security, G&O, PSE, and Pilchuck entered into a Stipulation for Miscellaneous Relief (the "Stipulation") which provided that "[t]o avoid the need for the parties and the Court to dismiss the entire case, and require Ohio Security to file a new lawsuit," G&O would be permitted to dismiss their claims with respect to *uninsured* losses with prejudice, and following dismissal, the case caption would be amended to substitute Ohio Security for G&O with respect to *insured* losses. (Dkt. No. 2, Ex. 5 at 2-6.) As part of the Stipulation, Ohio Security agreed to withdraw its motion for TRO. (Id. at 3.) The Superior Court approved the Stipulation and entered an order (1) dismissing G&O's "claims for uninsured losses" with prejudice; (2) dismissing G&O from the litigation; (3) amending the case caption to remove G&O and add Ohio Security as a named plaintiff; and (4) instructing Ohio Security to file an amended complaint "to recover alleged *insured* losses" (the "Court Order"). (Id. at 9.)

On June 22, 2018, Ohio Security filed its Amended Complaint against PSE and Pilchuck seeking recovery of the amount of the insured losses it paid to G&O. (See Dkt. No. 1, Ex. 1.)

On July 3, 2018, PSE removed the case to federal court based on diversity of citizenship under 28 U.S.C. § 1332.[1] (See Dkt. No. 1.) Ohio Security now moves for remand. (Dkt. No. 7.)

---

[1] The Court notes that removal was timely. In general, a notice of removal must be filed within 30 days after the receipt by the defendant of the initial pleading. 28 U.S.C. § 1446(a). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an *amended pleading*, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3)(emphasis added).

**Discussion**

Under 28 U.S.C. § 1332(a), the federal district court has original jurisdiction in all civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. The parties do not dispute that the amount in controversy exceeds $75,000, but dispute whether the requirement for diversity of citizenship is satisfied. The Court concludes that it is.

**I.    Diversity of Citizenship**

For purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). Ohio Security is a New Hampshire corporation with its principal place of business in New Hampshire. (Dkt. No. 1, Ex. 1 at ¶ 2.1-2.3.) PSE, Pilchuck, and G&O are Washington corporations with their principal places of business in Washington. (Id. at ¶¶ 2.1-2.3; Dkt. No. 2, Ex. 2 at 3.) Only Ohio Security, PSE, and Pilchuck are named in the Amended Complaint, such that each plaintiff is diverse from each defendant. (See Dkt. No. 1.)

**A.    Forum Defendant Rule**

In general, § 1332 "confines removal on the basis of diversity jurisdiction to instances *where no defendant is a citizen of the forum state*." Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006) (emphasis added); see also 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). This is because "'[t]he purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a

1 local litigant.'  The need for such protection is absent, however, in cases where the defendant is a
2 citizen of the state in which the case is brought." Lively, 456 F.3d at 940 (quoting Tosco Corp.
3 v. Cmtys. For a Better Env't, 236 F.3d 495, 502 (9th Cir. 2001)).

While the forum defendant rule would generally preclude PSE and Pilchuck—both Washington corporations—from removing a case filed in Washington state court for diversity jurisdiction, Ohio Security failed to timely raise this procedural objection in its motion for remand.  See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"); see also N. Cal. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037-38 (9th Cir. 1995) (holding that a procedural defect must be raised within 30 days of the date of removal, and that "the district court [has] no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal.").  Accordingly, Ohio Security waived the protection of the forum defendant rule, which does not preclude removal in this case.

## II. Real Party In Interest

While conceding that G&O's claims have been dismissed with prejudice and that G&O is not presently a party and cannot be substituted as a party, Ohio Security nevertheless contends that there is not complete diversity of citizenship because G&O "is the real party in interest . . ." (Dkt. No. 7 at 3.)  In support of its position, Ohio Security relies upon Allstate Ins. Co. v. Hughes, 358 F.3d 1089 (9th Cir. 2004).  In Hughes, the Ninth Circuit held that the insured, not the insurer, was the real party in interest, such that the insurer could not bring its subrogation claim in federal court under Federal Rule of Civil Procedure 17(a).  Id. at 1095.  Because

1 inclusion of the insured would have destroyed diversity of citizenship, the Ninth Circuit

2 remanded and instructed the district court to dismiss for lack of jurisdiction. Id.

3 The Court finds that the situation here is distinguishable from Hughes. Here, Ohio Security is the real party in interest, not by virtue of any subrogation claim, but rather by virtue of the fact that G&O assigned to Ohio Security the entire cause of action through the Stipulation and Court Order.

There is a "real, if subtle, distinction between subrogation and assignment." Absher Const. Co. v. North Pacific Ins. Co., No. 10-5821JLR, 2012 WL 13707, at *5 (W.D. Wash. Jan. 3, 2012). "Subrogation presupposes actual payment and satisfaction of a debt or claim to which the payor is subrogated, whereas under an assignment of a right or claim, the whole right or claim is assigned. In essence, while subrogation is a designation of proceeds recovered from a wrongdoer, an assignment transfers the entire cause of action to the insurer." Id. (citation omitted). Importantly, on a subrogation claim, "the insured, and only the insured" may sue. Hughes, 589 F.3d at 1092. In contrast, an assignee "may, by virtue of such assignment, sue and maintain an action or actions in his or her name. . . ." RCW 4.08.080.

While the Stipulation and Court Order repeatedly refer to "subrogation" of claims and rights, they constitute assignments in substance. (See Dkt No. 12; Dkt. No. 2, Ex. 5 at 3, 9.) Both provide that G&O would dismiss its claims regarding the uninsured losses to permit Ohio Security to prosecute *its own* claims to recover the insured losses, and both provide that Ohio Security would be substituted for G&O as the named plaintiff. Interpreting these documents as effecting merely a subrogation—rather than an assignment—would require the Court to vitiate the operative parts of both, to reverse the dismissal of G&O, and to dismiss Ohio Security's Amended Complaint. This is manifestly not what the parties intended. See Scott Galvanizing,

Inc. v. Northwest EnviroServices, Inc., 120 Wn.2d 573, 580 (1993) ("[T]he touchstone of the interpretation of contracts is the intent of the parties. . . . In Washington, the intent of the parties to a particular agreement may be discovered not only from the actual language of the agreement, but also from viewing the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties.") (internal quotations and citations omitted).

Accordingly, the Court finds that G&O assigned its entire cause of action to Ohio Security, such that Ohio Security is the real party in interest in this case. As a result, G&O need not—and cannot—be named as a plaintiff.

**Conclusion**

Having found that Ohio Security is the real party in interest, the Court concludes that there is complete diversity of citizenship such that removal was proper under 28 U.S.C. § 1332(a). The Court further concludes that Ohio Security waived any argument for remand based upon the forum defendant rule. Therefore, the Court DENIES Ohio Security's Motion for Remand.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 20, 2018.

Marsha J. Pechman
United States District Judge